IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01909-BNB

SYLVESTER DAVIS,

    Plaintiff,

v.

RICK BURFORD, and
FRANK ORTIZ,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 23 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING PRELIMINARY INJUNCTION

---

This matter is before the Court on the declaration and the memorandum of law in support of a request for preliminary injunction that Plaintiff, Sylvester Davis, filed *pro se* with the Court on August 17, 2010. Mr. Davis, who is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Skyline Correctional Center, complains that Defendants are knowingly and intentionally falsifying his prison record pursuant to a classification manual in order to increase his custody ratings and risk assessment. He specifically alleges that Defendants are making false reports that he has prior felonies other than the one he indicated in his criminal history. He complains that his allegedly falsified prison record may affect his eligibility for parole and his ability to obtain a job once he is paroled.

The Court must construe Mr. Davis's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be

an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the declaration and the memorandum of law will be construed as a motion for preliminary injunction, and the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. **See Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980). A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." **RoDa Drilling Co. v. Siegal**, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." **Id.** Because Mr. Davis is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. **See id.** at 1209.

Mr. Davis does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. Therefore, the motion for a preliminary injunction will be denied. Accordingly, it is

ORDERED that the declaration and the memorandum of law in support of a request for preliminary injunction that Plaintiff, Sylvester Davis, filed *pro se* with the Court on August 17, 2010, and which the Court has treated as a motion for preliminary injunction, is denied.

DATED at Denver, Colorado, this  23rd  day of  August , 2010.

BY THE COURT:

 s/Philip A. Brimmer 
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01909-BNB

Sylvester Davis
Prisoner No. 96327
Skyline Corr. Center
P.O. Box 300
Cañon City, CO 81215-0300

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on __8/28/10__

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk