IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01909-BNB

SYLVESTER DAVIS,

    Plaintiff,

v.

RICK BURFORD, and
FRANK ORTIZ,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 2 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Sylvester Davis, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Skyline Correctional Facility in Cañon City, Colorado. Mr. Davis initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 for money damages and declaratory and injunctive relief.

The Court must construe the complaint liberally because Mr. Davis is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Davis will be ordered to file an amended complaint.

The gist of Mr. Davis's complaint is that Defendants have knowingly and intentionally falsified his prison record in order to increase his custody ratings and risk assessment. He specifically alleges that Defendants made false reports that he has a prior felony, which he fails to specify, other than the one he indicated in his criminal

history, which he also fails to specify, and accusing Defendants of criminal charges for first-degree official misconduct, issuing a false instrument, and criminal libel--criminal charges which he lacks standing to prosecute. *See People v. Gibson*, 53 Colo. 231, 125 P. 531 (Colo. 1912) (the Attorney General has authority to prosecute in the name of the people the commission of a felony). He complains that, based upon the allegedly falsified prison record, he was denied parole. He refers to being "denied parole," *see* complaint at 3b, and to his "probation revocation," *see id.* at 4a, but it is not clear to the Court whether he is using the terms interchangeably. His request for relief, like the complaint, is unnecessarily wordy.

Mr. Davis has failed to set forth a short and plain statement of his claims showing that he is entitled to relief. The general rule that *pro se* pleadings must be construed liberally has limits and the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

As a result, Mr. Davis's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Mr. Davis is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D.

Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Davis to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Davis fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). The Court finds the complaint to be verbose, vague, and repetitive. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Davis must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Davis must name and show how named defendants caused a

3

deprivation of his federal rights. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. See *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Davis may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Davis uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service.

Mr. Davis, therefore, will be directed to file an amended complaint that states his claims and his request for relief clearly and concisely, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that **within thirty days from the date of this order** Plaintiff, Sylvester Davis, file an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Davis, together with a copy of this order, two copies of the Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that if, within the time allowed, Mr. Davis fails to file an

amended complaint that complies with this order the complaint and the action will be dismissed without further notice.

DATED September 2, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01909-BNB

Sylvester Davis
Prisoner No. 96327
Skyline Corr. Center
P.O. Box 300
Cañon City, CO 81215-0300

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint** to the above-named individuals on 9|2|10

                                  GREGORY C. LANGHAM, CLERK

                              By: _____
                                     Deputy Clerk