IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01909-BNB

SYLVESTER DAVIS,

      Plaintiff,

v.

RICK BURFORD, and
FRANK ORTIZ,

      Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 0 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

---

Plaintiff, Sylvester Davis, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Skyline Correctional Facility in Cañon City, Colorado. Mr. Davis initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 for money damages and declaratory and injunctive relief.

On September 2, 2010, I ordered Mr. Davis to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and that alleged the personal participation of the named Defendants in the asserted constitutional violations. On September 15, 2010, Mr. Davis filed an amended complaint.

I must construe the amended complaint liberally because Mr. Davis is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not act as a *pro se* litigant's

advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Davis will be ordered to file a second and final amended complaint.

In his original complaint, Mr. Davis alleged that Defendants knowingly and intentionally falsified his prison record in order to increase his custody ratings and risk assessment. He specifically alleged that Defendants made false reports of a prior, unspecified felony, and accused Defendants of first-degree official misconduct, issuing a false instrument, and criminal libel. Mr. Davis lacks standing to prosecute criminal charges. He complained also that he was denied parole based upon the allegedly falsified prison record. The original complaint referred to being "denied parole," *see* complaint at 3b, and to a "probation revocation," *see id.* at 4a, but it was not unclear whether he was using the terms interchangeably. His request for relief, like the complaint itself, was unnecessarily wordy.

In the September 15 amended complaint, Mr. Davis now contends he is challenging procedures Defendants used to "charge and convict" him of "a new felony offense." *See* amended complaint at 3. He specifically alleges that Defendant Rick Burford, his case manager, charged and convicted him of a class-three felony because he failed to fulfill the technical terms of his probation agreement. He also alleges that Mr. Burford informed him that the felony was a "typographical error." *See id.* at 4. He further alleges that the conviction was a substantial reason he was disqualified for community corrections placement on February 10, 2010, and for parole on May 12, 2010. He also alleges that on May 24, 2010, Defendant Frank Ortiz, a case management supervisor, upheld the conviction. He asks for money damages and

2

declaratory and injunctive relief.

The allegations in the amended complaint make no sense. Mr. Davis fails to allege what the felony offense was, whether he currently is incarcerated as a result of the alleged felony offense, how a case manager could charge and convict him of a criminal offense, and how a probation violation could affect him since he already is incarcerated. He also fails to clarify whether the alleged felony offense truly is a typographical error which Defendants simply have failed to correct.

Mr. Davis has failed to set forth a short and plain statement of his claims showing that he is entitled to relief. As I previously informed him in the September 2 order for an amended complaint, the general rule that *pro se* pleadings must be construed liberally has limits, and the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

As a result, Mr. Davis's amended complaint, like the complaint he originally filed, fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. I explained in the September 2 order that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that Mr. Davis is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). I also explained that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp.

1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992).

I specifically pointed out Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." I also pointed out that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." I noted that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. I also noted that prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. I informed Mr. Davis that, in order for him to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Lastly, I explained that Mr. Davis must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

In the amended complaint, Mr. Davis fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). I find the amended complaint to be vague and confusing. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." **Id.**

4

Mr. Davis, therefore, will be given one final opportunity to file an amended complaint that states his claims clearly and concisely, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that **within thirty days from the date of this order** Plaintiff, Sylvester Davis, file a second and final amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Davis, together with a copy of this order, two copies of the Prisoner Complaint form to be used in submitting the second and final amended complaint. It is

FURTHER ORDERED that if, within the time allowed, Mr. Davis fails to file a second and final amended complaint that complies with this order, the amended complaint and the action will be dismissed without further notice.

DATED September 20, 2010, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-01909-BNB

Sylvester Davis
Prisoner No.  96327
Skyline Corr. Center
P.O. Box 300
Cañon City, CO 81215-0300

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9|20|10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk