IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01909-BNB

SYLVESTER DAVIS,

    Plaintiff,

v.

RICK BURFORD, and
FRANK ORTIZ,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 21 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING PRELIMINARY INJUNCTION

---

This matter is before the Court on the motion titled "Motion to Reconsider Preliminary Injunction After Reviewing New Information" that Plaintiff, Sylvester Davis, filed *pro se* with the Court on September 7, 2010. Mr. Davis is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Skyline Correctional Center in Cañon City. He previously filed documents (doc. nos. 5 and 6) on August 17, 2010, which the Court construed as a motion for preliminary injunction, and denied on August 23, 2010.

In the August 17 documents, Mr. Davis complained Defendants knowingly and intentionally were falsifying his prison record pursuant to a classification manual in order to increase his custody ratings and risk assessment. He specifically alleged Defendants were making false reports that he had prior felonies other than the one he indicated in his criminal history. He complained his allegedly falsified prison record may affect his eligibility for parole and his ability to obtain a job once he was paroled.

In the September 7 motion to reconsider, Mr. Davis asks to amend his original motion for a preliminary injunction with new information, i.e., that Defendants, who are DOC case managers, have "impos[ed] a felony conviction on him," *see* September 7 motion at 1, 2, and "add[ed] the conviction to [his] criminal record." *Id.* at 2. He complains that the case managers informed him that a classification manual "allowed them to convict [him] of a felony he did not commit." *Id.* He contends that the case managers lacked the authority to "prosecute and convict" him. *Id.* at 7.

The Court must construe Mr. Davis's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion titled "Motion to Reconsider Preliminary Injunction After Reviewing New Information" will be construed as a motion for preliminary injunction and denied.

A party seeking a preliminary injunction must show a likelihood of prevailing on the merits, a likelihood that he will suffer irreparable injury unless the injunction issues, that the balance of equities tips in his favor, and that the injunction, if issued, would not be adverse to the public interest. *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *Id.* Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Davis again is seeking

a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Davis does not demonstrate a likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. Therefore, the motion for a preliminary injunction will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Reconsider Preliminary Injunction After Reviewing New Information" that Plaintiff, Sylvester Davis, filed *pro se* with the Court on September 7, 2010, and which the Court has treated as a motion for preliminary injunction, is denied.

DATED at Denver, Colorado, this 21st day of September, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01909-BNB

Sylvester Davis
Prisoner No. 96327
Skyline Corr. Center
P.O. Box 300
Cañon City, CO 81215-0300

  I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/21/10

            GREGORY C. LANGHAM, CLERK

           By: _____
               Deputy Clerk