IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01909-BNB

SYLVESTER DAVIS,

    Plaintiff,

v.

RICK BURFORD, and
FRANK ORTIZ,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Sylvester Davis, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Skyline Correctional Center in Cañon City, Colorado. Mr. Davis has filed *pro se* a second and final amended complaint pursuant to 42 U.S.C. § 1983 for declaratory relief and money damages.

Mr. Davis has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Davis is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for

failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Davis's filings liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. See *id.* For the reasons set forth below, the complaint and the action will be dismissed.

Mr. Davis asserts that on September 15, 2009, following the 1995 revocation of his parole, his case manager, Rick Burford, reclassified him based on the parole revocation. He complains that the reclassification caused the Colorado Parole Board, on March 12, 2010, to deny his acceptance into community corrections. He also complains that on March 24, 2010, Frank Ortiz, Mr. Burford's supervisor, issued a memorandum affirming Mr. Ortiz's actions and informing Mr. Davis that his probation violation had been scored correctly and he had been classified properly. Mr. Davis appealed to the DOC Classification Committee, which held a hearing on November 17, 2010, reversed the reclassification, and returned Mr. Davis's criminal record to its original status.

Mr. Davis complains that the actions of Mr. Burford and Mr. Ortiz, in reclassifying him, resulted in his being denied consideration for community corrections. On the basis of these allegations, he asserts violations of his rights to be free from double jeopardy and cruel and unusual punishment.

First, Mr. Davis's double jeopardy claim lacks merit. "The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment . . . protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." *Monge v. California*, 524 U.S. 721, 727-28 (1998). Nothing in Mr. Davis's allegations indicates that he has been punished multiple times for the same offense. Mr. Davis's classification is not part of a criminal prosecution. Thus, his classification does not implicate double jeopardy concerns. *See Breed v. Jones*, 421 U.S. 519, 528 (1975) (concluding that jeopardy attaches only to proceedings which are "essentially criminal" in nature).

Second, Mr. Davis's claim of cruel and unusual punishment also lacks merit. A prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In the absence "of a specific deprivation of a human need, an Eighth Amendment claim based on prison

3

conditions must fail." **Shifrin v. Fields**, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. See **Clemmons v. Bohannon**, 956 F.2d 1523, 1527 (10th Cir. 1992). Mr. Davis fails to allege facts from which the Court could conclude he was subjected to punishment depriving him of the "minimal civilized measure of life's necessities."

Third, to the extent Mr. Davis may be asserting claims for relief based upon Defendants' violation of DOC policy by improperly classifying him, a violation of a prison regulation is insufficient to state a constitutional claim under § 1983. *See e.g.* ***Davis v. Scherer***, 468 U.S. 183, 194 (1984) ("[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision"); *see also* ***Hovater v. Robinson***, 1 F.3d 1063, 1068 n.4 (10th Cir.1993) ("failure to adhere to administrative regulations does not equate to a constitutional violation"); **Gaines v. Stenseng**, 292 F.3d 1222, 1225 (10th Cir. 2002) ("[t]o the extent [plaintiff] seeks relief for alleged violations of state statutes and prison regulations, . . . he has stated no cognizable claim under § 1983") (citations omitted). This is because prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." **Sandin v. Conner**, 515 U.S. 472, 481-82 (1995).

Finally, to the extent that Mr. Davis's claims could be construed to assert a violation of his due process rights based upon his classification following the revocation of his parole, the Court also finds that the claims lacks merit. The Due Process Clause

guarantees due process only when a person is to be deprived of life, liberty, or property. The Tenth Circuit has found that "[c]hanging an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." **Templeman v. Gunter**, 16 F.3d 367, 369 (10th Cir. 1994) (quoting **Meachum v. Fano**, 427 U.S. 215, 225 (1976)); *see also Cardoso v. Calbone*, 490 F.3d 1194, 1198 (10th Cir. 2007) (holding that a decision to adjust a prisoner's classification level based on discretionary factors does not implicate a liberty interest). Therefore, because Mr. Davis fails to allege facts that might support an arguable constitutional claim, his claims will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the second and final amended complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 10th day of January, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01909-BNB

Sylvester Davis
Prisoner No. 96327
Skyline Corr. Center
P.O. Box 300
Cañon City, CO 81215-0300

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on January 10, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk