IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01909-LTB

SYLVESTER DAVIS,

    Plaintiff,

v.

RICK BURFORD, and
FRANK ORTIZ,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 0 2 2011

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Sylvester Davis, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Skyline Correctional Center in Cañon City, Colorado. He filed with the Court *pro se* on January 28, 2011, a motion to reconsider, which he characterizes as a "Motion to Amend Court's Finding of Fact in Its 1-10-11 Order and to Amend That Order." Mr. Davis asks the Court to reconsider the order of January 10, 2011, which dismissed this action.

The Court must construe the motion liberally because Mr. Davis is not represented by an attorney. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be treated as a motion to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Davis's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on January 10, 2011. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See **Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action because Mr. Davis's claims of double jeopardy and cruel and unusual punishment were without merit. The Court also determined that Mr. Davis had failed to allege facts that rose to the level of a due process violation. The January 10, 2011, dismissal order discusses in detail the reasons for the dismissal. Despite Mr. Davis's arguments to the contrary, the named Defendants, who are his case manager and his case manager's supervisor, lack authority to charge and convict him of a criminal offense. Only the state prosecutor has authority to bring charges on behalf of the People of the State of Colorado. Therefore, Defendants' actions affecting his classification could not, for the reasons stated in the

2

dismissal order, have subjected him to double jeopardy or cruel and unusual punishment.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Davis fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Davis fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Amend Court's Finding of Fact in Its 1-10-11 Order and to Amend That Order" that Plaintiff, Sylvester Davis, filed *pro se* on January 28, 2011, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this __2nd__ day of ___February___, 2011.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01909-BNB

Sylvester Davis
Prisoner No. 96327
Skyline Corr. Center
P.O. Box 300
Cañon City, CO 81215-0300

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 2, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk